### FRANCES KUMMER ET AL. v. CINCINNATI (CITY) ET AL.

MUNICIPALITY CANNOT ESTIMATE BENEFITS ON BASIS OF DEPRECIATION OF LOTS CAUSED BY NUISANCE WHICH IT HAS PERMITTED.

A municipal corporation has control of its streets, and by statute is charged with the duty of keeping them free from nuisance; it cannot, therefore, estimate the benefits accruing to abutting lots from a street improvement on the basis of the depreciation of the lots in value, at the time such improvement was made, caused by the fact that the street had been used as a dump for waste matter.

**A. T. Brown,** for plaintiff:

This assessment is wholly void under the decisions of *Cincinnati v. Batsche,* 52 Ohio St. 324 [40 N. E. Rep. 21; 27 L. R. A. 536]; *State v. Gardner,* 34 N. J. Law 34; *State v. Newark,* 25 N. J. Law. (1 Dutch.) 399; *State v. Hudson,* 29 N. J. Law (5 Dutch.) 115; Sec. 2314a Rev. Stat. (repealed, 96 O. L. 96), is wholly inconsistent with Sec. 1655a Rev. Stat. (repealed, 96 O. L. 96), of the new charter law, and is therefore expressly repealed by Sec. 5 of said act; *State v. Brown,* 4 Circ. Dec. 345 (8 R. 103).

**F. H. Kunkel,** assistant city solicitor, for defendants:

Petitioners for improvement estopped. *Thornton v. Cincinnati,* 26 O. C. C. 33; *State v. Mitchell,* 31 Ohio St. 592; *Tone v. Columbus,* 39

Hamilton County.

Ohio St. 281 [48 Am. Rep. 438]; *Columbus* v. *Sohl*, 44 Ohio St. 479 [8 N. E. Rep. 299]; *Benham* v. *Cincinnati*. 26 O. C. C. 17; *Price* v. *Toledo*, 25 O. C. C. 617; *Ottawa* v. *Railway*, 25 Ill. 43; *McBride* v. *Chicago*, 22 Ill. 574.

## GIFFEN, J.

The street improvement involved in this case is the same as that in the case of *Nulsen* v. *Cincinnati*, 27 O. C. C. 383, in which it was held that in making the assessment the board of public service did not regard nor attempt to regard the benefits thereof to the respective lots, but apportioned the cost, and expense of the improvement upon the lots abutting thereon in proportion to their respective frontages upon said improvement, and enjoined the collection of the assessment in excess of the special benefits conferred. The same result must follow in this case, unless the contention of the city that the street, prior to the improvement, being used as a dump for waste matter of all kinds and becoming a public nuisance, thereby depreciated the value of the abutting lots, which should be considered in estimating benefits. The city, however, had control of the street and by statute was charged with the duty of keeping it free from nuisance. It cannot now make that which was occasioned by its own negligence the basis for depreciating the value of the property before the improvement, and thereby sustain the assessment.

Considering the benefits conferred upon the lots in controversy as shown by the testimony and an actual view of the premises, we hold that the assessment upon lot 38 should be sustained to the extent only of $50, that being 25 per cent of its value after the improvement; that only $125 should be assessed against lot 106; that lot 131 should be assessed $160, that being 25 per cent of the value of the lot after the improvement; lot 107, $125. All in excess of such amounts, as well as the entire assessment on lot 125, will be enjoined.

The assessment on lots 82, 95, 96, 116, 117, 219 and 226 will be sustained for the full amount.

A decree may be drawn in accordance with the above finding.

**Jelke** and **Swing, JJ.**, concur.